UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARCOS MORENO,

       Plaintiff,

v.                                                      Case No. _____

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
DBA HAMPTON ROADS ELECTRICAL SUPPLY,

and

JASON LYNCH,

       Defendants.

## COMPLAINT

Marcos Moreno, by counsel, files this Complaint and demands judgment against Consolidated Electrical Distributors, Inc. dba Hampton Roads Electrical Supply, and Jason Lynch, on the following grounds and in the following amounts.

## PARTIES

1.  Marcos Moreno ("Plaintiff" or "Moreno") is an individual currently residing in Denver, Colorado, formerly residing in the City of Chesapeake, Virginia, and whose race is Hispanic.

2.  Consolidated Electrical Distributors, Inc. ("Consolidated") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Irving, Taxes, operating at facilities including a facility located in the City of Chesapeake, Virginia, and doing business under the fictitious name "Hampton Roads Electrical Supply" at that facility.  Upon information and belief, Consolidated employs over 500 employees.

3. Jason Lynch is an individual residing in the City of Chesapeake, Virginia.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 2000e-5 (Title VII of the Civil Rights Act of 1964), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and has pendent jurisdiction under state law claims presented herein pursuant to 29 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claims asserted here occurred in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On September 28, 2017, Plaintiff filed charge of discrimination number 437-2017-01171 (Exhibit 1) ("EEOC Charge") with the United States Equal Employment Opportunity Commission ("EEOC").

7. On February 5, 2018, Plaintiff amended filed an amended charge of discrimination number 437-2017-01171 (Exhibit 2) with the EEOC.

8. On or about May 29, 2019, the EEOC mail to Plaintiff at 8810 Pocahontas Trail, Williamsburg, VA 23081, a Notice of Right to Sue on the EEOC charge (Exhibit 3). Plaintiff, however, had moved to Colorado in or about August of 2018, and therefore has never received the notice from the EEOC.

9. Plaintiff has satisfied all procedural prerequisites for the filing of this action.

2

**FACTS**

10.     Plaintiff was employed by Consolidated as a counter salesman at Consolidated's Chesapeake Virginia facility from on or about August 25, 2017 through on or about September 27, 2017.

11.     In his employment by Consolidated, Plaintiff was paid an hourly wage of $18.00 per hour and worked thirty two (32) hours per week.

12.     During Plaintiff's employment by Consolidated, the office manager of Consolidated's Chesapeake facility was Chelsea Aldridge ("Aldridge"), whose race was White, in who was in a supervisory position relative to Plaintiff.

13.     In his employment by Consolidated, Plaintiff was subjected to severe and pervasive racially discriminatory speech and conduct by Consolidated employees which demeaned, disparaged and denigrated the Black race and created a hostile, offensive and abusive work environment.

14.     Management of Consolidated, including but not limited to Aldridge, was aware of said hostile work environment, and in fact personally observed it, but failed and refused to take corrective action, and instead condoned and ratified it.

15.     On September 25, 2017 in the early afternoon Plaintiff was performing his job duties at the sales counter when a coworker, Mike Amos ("Amos"), whose race is White, entered the sales floor.

16.     At that time another coworker, Josh (last name unknown) ("Josh"), whose race is Black, also was present on the sales floor.

17.     Amos was in an agitated state, and was excitedly complaining about Black NFL players taking a knee during the playing of the national anthem at NFL games.

18. Amos then turned to Josh, and aggressively asked Josh, "What does Black Lives Matter have against us [meaning White people]?" and then "What does Black Lives Matter have against police?"

19. Amos then proceeding, in an excited state, in the presence of Plaintiff and Josh, to make numerous disparaging statements about Black people.

20. Plaintiff and Josh found Amos' race-related statements highly offensive, and were very upset by the discriminatory tirade.

21. A short time later, Aldridge entered the sales floor.

22. Aldridge, speaking with Amos, immediately began complaining vocally about Black NFL players taking a knee during the playing of the national anthem at NFL games.

23. Josh was offended and upset by the rantings of Aldridge and Amos, and left the sales floor; Plaintiff desired to leave, but remained at the sales counter because his job duties required him to do so.

24. The excited dialogue between Aldridge and Amos continued, and after a short time Plaintiff heard Amos say, "Blacks had it good as slaves."

25. Plaintiff was so shocked, offended and angered by Amos' statement that Plaintiff could hardly speak.

26. After a short time Plaintiff regained his composure, and attempted to speak to Aldridge while Aldridge continued her offensive dialogue with Amos; in response, Aldridge became angry at Plaintiff and a short time later left the sales floor.

27. A short time later a coworker, Jason Lynch ("Lynch"), whose race is White, and who is an inside sales employee, returned from lunch and entered the sales floor.

4

28.     A customer was present on the sales floor when Lynch arrived, and as soon as the customer left Lynch, speaking to Plaintiff and Lynch, Amos began another highly offensive rant against Black people, including statements by Lynch that Black people do not take care of anything, and statements by Lunch that Black people are given public housing and do not take care of it.

29.     Responding to Amos, Lynch exclaimed that "they [meaning Black people] always forget Whites were slaves too!"

30.     Amos then received a phone call, and left the sales floor.

31.     Jason continued making offensive statements about Black people, such as complaints that Blacks never mention White kids who are killed by Black assailants.

32.     Plaintiff responded to some of Lynch's remarks, explaining, for example, that White people were indentured servants rather than slaves, and unlike slaves they could own land once their servitude concluded.

33.     Lynch responded to Plaintiff by stating, "Its funny how someone who is not even Black [Plaintiff is Hispanic] has so much to say about it."

34.     Plaintiff was very offended, upset and disturbed by the statements made that day by Amos, Aldridge, and Lynch.

35.     Plaintiff's next scheduled work day for Consolidated was September 27, 2017.

36.     An employee of Consolidated named Dave (last name unknown) ("Dave"), whose race is Black, was assigned to train Plaintiff on an ongoing basis on performance of Plaintiff's job duties.

37.     Dave was in a supervisory position relative to Plaintiff.

5

38.    During the morning of September 27, 2017, Plaintiff complained to Dave, as Plaintiff's supervisor, of the racially offensive statements made on September 25, 2017 by Amos, Aldridge, and Lynch, and Dave was livid at learning of those statements.

39.    Shortly thereafter, Dave took action on Plaintiff's complaint of the the racially offensive statements made on September 25, 2017 by Amos, Aldridge, and Lynch, and Lynch learned that Plaintiff hade made the complaint to Dave.

40.    Plaintiff went to lunch at the designated time and, when Plaintiff  returned, Lynch, while in duty for Consolidated, approached Plaintiff in a hostile and aggressive manner, cornered Plaintiff between the sales counter and a wall and, coming close to his face, yelled, "What the f*** did you say?"

41.    Plaintiff replied to Plaintiff, "Well what did you say?"

42.    Lynch, becoming even more angry, exclaimed, "Keep my name out of your f***ing mouth!" and "I'll f*** you up, don't you be lying on me you piece of s***!"

43.    Lynch began coming closer to Plaintiff, so Plaintiff, believing Lynch was about to strike Plaintiff, put up Plaintiff's hand without touching Lynch, and Plaintiff exclaimed, "Do not get any closer!"

44.    At that moment Aldridge entered the sales floor and observed what was happening, but deliberately ignored it.

45.    Plaintiff asked Aldridge at least twice whether Aldridge was going to allow Lynch to continue to assault and berate Plaintiff; Aldridge responded by shaking her head and saying "I'm not in it."

46.    Plaintiff said to Aldridge, "You're a superior and you're not going to stop this?," in response to which Aldridge said nothing.

6

47. Lynch laughed and exclaimed, "She's not my superior and won't keep me from whooping your ass!"

48. Lynch then exclaimed, "Let's go outside! I'll f*** you up, you little b****!"

49. At that point Lynch was within a foot of Plaintiff, and Plaintiff exclaimed, "Do not get any closer to me!"

50. Believing again that Lynch was about to strike Plaintiff, Plaintiff put up his hand; Lynch then stuck Plaintiff's wrist, leaving a visible bruise on it.

51. These actions by Lynch are referred to herein as "the Lynch attack."

52. The Lynch attack caused Plaintiff to suffer extreme fear for Plaintiff's life and safety.

53. A short time later, Plaintiff went to Aldridge's office and informed Aldridge that he did not feel safe because of the events described above.

54. Aldridge offered no assurance to Plaintiff that Plaintiff would be safe working at Consolidated, or that Consolidated would make any effort to ensure his safety.

55. Aldridge reasonably believed that continuing to work at Consolidated would place him at unreasonable risk of further assault and battery or other harm, and would cause him to continue to be exposed to a racially hostile and offensive work environment, and therefore did not return to work there.

56. Consolidated, by the conduct described herein, constructively discharged Plaintiff.

## COUNT I:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

57. The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

58.     Consolidated violated Title VII by allowed Plaintiff to be subjected to a racially hostile, offensive and abusive work environment, and did so knowingly, intentionally, willfully, deliberately, and in reckless indifference to Plaintiff's federally protected rights.

59.     As a direct and proximate result thereof, Moreno suffered severe mental anguish and emotional distress including but not limited to anger, outrage, fear, anxiety, annoyance, frustration, and embarrassment.

WHEREFORE Plaintiff demands judgment against Consolidated and as relief seeks the following:

a.      Compensatory damages in amount of $50,000 or such other amount as may be proven by the evidence at trial;

b.      In the event compensatory damages are not awarded, then nominal damages;

c.      Punitive damages in amount of $300,000 or such other amount as may be proven by the evidence at trial;

d.      Plaintiff's costs and expenses incurred herein including but not limited to expert witness fees and reasonable attorney's fees; and

e.      Such other and further legal and equitable relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

## COUNT II:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF SECTION 1981

60.     The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

61.     Consolidated violated Section 1981 by allowed Plaintiff to be subjected to a racially hostile, offensive and abusive work environment, and did so knowingly, intentionally, willfully, deliberately, and in reckless indifference to Plaintiff's federally protected rights.

62.     As a direct and proximate result thereof, Moreno suffered severe mental anguish and emotional distress including but not limited to anger, outrage, fear, anxiety, annoyance, frustration, and embarrassment.

WHEREFORE Plaintiff demands judgment against Consolidated and as relief seeks the following:

a.      Compensatory damages in amount of $50,000 or such other amount as may be proven by the evidence at trial;

b.      In the event compensatory damages are not awarded, then nominal damages;

c.      Punitive damages in amount of $300,000 or such other amount as may be proven by the evidence at trial;

d.      Plaintiff's costs and expenses incurred herein including but not limited to expert witness fees and reasonable attorney's fees; and

e.      Such other and further legal and equitable relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

## COUNT III:
## RETALIATION IN VIOLATION OF TITLE VII

63.     The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

64.     The Lynch attack was retaliation by Lynch against Plaintiff for Plaintiff opposing the racially hostile, offensive and abusive work environment at Consolidated.

9

65. The failure and refusal of Aldridge to intervene and stop the Lynch attack constituted condonation and ratification by Consolidated of the Lynch attack.

66. Aldridge failed and refused to intervene and stop the Lynch attack in retaliation for Plaintiff opposing the racially hostile, offensive and abusive work environment at Consolidated, in violation of Title VII.

67. Said retaliation was knowing, intentional, willful, deliberate, and in reckless indifference to Plaintiff's federally protected rights.

WHEREFORE Plaintiff demands judgment against Consolidated and as relief seeks the following:

a. Compensatory damages in amount of $50,000 or such other amount as may be proven by the evidence at trial;

b. In the event compensatory damages are not awarded, then nominal damages;

c. Punitive damages in amount of $300,000 or such other amount as may be proven by the evidence at trial;

d. Plaintiff's costs and expenses incurred herein including but not limited to expert witness fees and reasonable attorney's fees; and

e. Such other and further legal and equitable relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

**COUNT IV:**
**RETALIATION IN VIOLATION OF SECTION 1981**

68. The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

10

69.     The Lynch attack was retaliation by Lynch against Plaintiff for Plaintiff opposing the racially hostile, offensive and abusive work environment at Consolidated.

70.     The failure and refusal of Aldridge to intervene and stop the Lynch attack constituted condonation and ratification by Consolidated of the Lynch attack.

71.     Aldridge failed and refused to intervene and stop the Lynch attack in retaliation for Plaintiff opposing the racially hostile, offensive and abusive work environment at Consolidated, in violation of Section 1981.

72.     Said retaliation was knowing, intentional, willful, deliberate, and in reckless indifference to Plaintiff's federally protected rights.

WHEREFORE Plaintiff demands judgment against Consolidated and as relief seeks the following:

a.     Compensatory damages in amount of $50,000 or such other amount as may be proven by the evidence at trial;

b.     In the event compensatory damages are not awarded, then nominal damages;

c.     Punitive damages in amount of $300,000 or such other amount as may be proven by the evidence at trial;

d.     Plaintiff's costs and expenses incurred herein including but not limited to expert witness fees and reasonable attorney's fees; and

e.     Such other and further legal and equitable relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

11

**COUNT V:**
**CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII**

73.     The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

74.     Consolidated, by constructively discharging Plaintiff, retaliated against Plaintiff for  opposing discrimination on the basis of race, in violation of Title VII, and did so knowingly, intentionally, willfully, deliberately, and in reckless indifference to Plaintiff's federally protected rights.

75.     As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer loss of wages, severe mental anguish and emotional distress including but not limited to anger, outrage, fear, anxiety, annoyance, frustration, and embarrassment, and pecuniary losses including but not necessarily limited to expenses incurred to obtain alternative employment.

WHEREFORE Plaintiff demands judgment against Consolidated and as relief seeks the following:

a.     Back pay in an amount to be determined at trial;

b.     Front pay in an amount to be determined at trial;

c.     Compensatory damages in amount of $75,000 or such other amount as may be proven by the evidence at trial;

d.     Pecuniary damages in an amount to be determined at trial;

e.     In the event compensatory and pecuniary damages are not awarded, then nominal damages;

f.     Punitive damages in amount of $300,000 or such other amount as may be proven by the evidence at trial;

g.     Pre-judgment interest;

h.      Post-judgment interest;

i.      Plaintiff's costs and expenses incurred herein including but not limited to expert witness fees and reasonable attorney's fees; and

j.      Such other and further legal and equitable relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

**COUNT VI:**
**CONSTRUCTIVE DISCHARGE IN VIOLATION OF SECTION 1981**

76.     The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

77.     Consolidated, by constructively discharging Plaintiff, retaliated against Plaintiff for opposing discrimination on the basis of race, in violation of Section 1981, and did so knowingly, intentionally, willfully, deliberately, and in reckless indifference to Plaintiff's federally protected rights.

78.     As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer loss of wages, severe mental anguish and emotional distress including but not limited to anger, outrage, fear, anxiety, annoyance, frustration, and embarrassment, and pecuniary losses including but not necessarily limited to expenses incurred to obtain alternative employment.

WHEREFORE Plaintiff demands judgment against Consolidated and as relief seeks the following:

a.      Back pay in an amount to be determined at trial;

b.      Front pay in an amount to be determined at trial;

c.      Compensatory damages in amount of $75,000 or such other amount as may be proven by the evidence at trial;

13

d.      Pecuniary damages in an amount to be determined at trial;

e.      In the event compensatory and pecuniary damages are not awarded, then nominal damages;

f.      Punitive damages in amount of $300,000 or such other amount as may be proven by the evidence at trial;

g.      Pre-judgment interest;

h.      Post-judgment interest;

i.      Plaintiff's costs and expenses incurred herein including but not limited to expert witness fees and reasonable attorney's fees; and

j.      Such other and further legal and equitable relief as the interests of justice may require.

Plaintiff demands TRIAL BY JURY on this Count.

## COUNT VII:
## ASSAULT AND BATTERY

79.     The allegations set forth elsewhere in this Complaint are incorporated by reference into this Count.

80.     By his actions described above, Lynch committed assault and battery upon Plaintiff.

81.     As a direct and proximate result thereof, Plaintiff suffered severe mental anguish and emotional distress including but not limited to anxiety and fear for his life and safety.

82.     WHEREFORE Plaintiff demands judgment against Lynch and Consolidated, and as relief seeks the following:

14

     a.    Compensatory damages against Lynch and Consolidated, jointly and severally, in the amount of $50,000 or such other amount as may be proven by the evidence at trial;

     b.    Punitive damages against Lynch in the amount of $50,000 or such other amount as may be proven by the evidence at trial; and

     c.    Punitive damages against Consolidated in the amount of $300,000 or such other amount as may be proven by the evidence at trial.

Plaintiff demands TRIAL BY JURY on this Count.

**MARCOS MORENO**

By: _Ray Hogge_

Raymond L. Hogge, Jr.
VSB No. 29445
Hogge Law
500 E. Plume Street, Suite 800
Norfolk, VA 23510
Tel: (757) 961-5400
Fax: (757) 962-5979
rayhogge@virginialaborlaw.com
Counsel for Marcos Moreno

Date:  September 25, 2019

15